UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHERYL L. THERIOT,**
**personal representative for JDT,**
**a minor,**

      **Plaintiff,**           **CIVIL ACTION NO. 11-15130**

      v.                  **DISTRICT JUDGE JOHN CORBETT O'MEARA**

                        **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's motion to dismiss (docket no. 8) should be granted as Plaintiff failed to commence the instant action seeking judicial review of the denial of Social Security disability benefits within sixty days after receipt of the final decision of the Commissioner.

**II.**    **PROCEDURAL HISTORY:**

On December 8, 2010 an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's claim for Title XVI benefits. (Docket no. 8, Declaration of Patrick J. Herbst). A copy of the decision was mailed to Plaintiff who then requested a review of the decision. On August 26, 2011, the Appeals Council mailed Plaintiff notice of its decision denying the request for review. The notice was mailed to Plaintiff's residence at 456 Marston Street in Detroit, and provided instructions on how Plaintiff should file a judicial action for review of the ALJ's decision if Plaintiff

disagreed with that decision. The notice informed Plaintiff that a civil action must be commenced within sixty days from the time the notice of Appeals Council action was received. (Docket no. 8, Declaration of Patrick J. Herbst). The Appeals Council notice stated that it would presume that Plaintiff received the notice five days after the date stamped on the notice, unless Plaintiff could show otherwise. Plaintiff was instructed to seek an extension of time for filing a lawsuit from the Appeals Council denial if a lawsuit could not be filed within sixty days.

Plaintiff was required to commence a civil lawsuit by October 31, 2011. Plaintiff's civil complaint seeking judicial review of the denial of benefits is dated October 24, 2011. The complaint was filed and docketed on November 21, 2011. (Docket no. 1). The complaint consists of two very short statements. The first statement indicates that the minor child "is disabled and is entitled to SSI." The second statement simply indicates that "[t]here is more evidence to be considered that was not available at the time of appeals council action." (Docket no. 1).

Defendant filed a motion to dismiss on February 21, 2012, asserting that the Court lacked subject matter jurisdiction to review the Commissioner's determination because Plaintiff had failed to commence the instant action within sixty days after receipt of the final decision as required by law. (Docket no. 8). The Court ordered Plaintiff to file a response to the motion on or before March 30, 2012. (Docket no. 9). Plaintiff failed to file a response by the required date. On July 5, 2012 the Court entered a show cause order directing Plaintiff to respond in writing by July 20, 2012 to explain why she failed to comply with the Court's order. In the alternative, the Court directed Plaintiff to file a response to Defendant's motion to dismiss by July 20, 2012. (Docket no. 10).

Plaintiff filed a one-page response to the show cause order on July 16, 2012. In the response Plaintiff asks the Court to "review the myriad evidence, records, and information that indicates

Plaintiff's disability and subsequent eligibility for social security benefits (SSI). The office of eligibility and disability determination and review has a vast supply of information about Plaintiff's condition which shows clearly Plaintiff's disability." (Docket no. 11). Plaintiff did not file any other response to the motion to dismiss or attempt to address Defendant's argument that the complaint was untimely.

### III. STANDARD:

Because Defendant has challenged jurisdiction pursuant to Rule 12(b)(1), Plaintiff bears the burden of proving jurisdiction to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the Court decides that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party.
>
> A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.* (emphases and citations removed).

### IV. ANALYSIS:

Judicial review of social security claims is governed by 42 U.S.C. §§ 405(g) and 405(h). Under 405(g):

> Any individual, after any final decision of the Commissioner

> of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Section 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The first two sentences of Section 405(h) guarantee that "administrative exhaustion will be required. Specifically, they prevent review of decisions of the [Commissioner] save as provided in the [Social Security] Act, which provision is made in § 405(g)." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). Three conditions must be satisfied to obtain judicial review under § 405(g): (1) a final decision of the Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Commissioner may permit; and (3) filing of the action in the appropriate district court. 42 U.S.C. § 405(g); *Salfi*, 422 U.S. at 763-64.

The Commissioner contends that Plaintiff has failed to satisfy the second requirement for judicial review by not commencing a civil action within sixty days after the mailing of

4

the notice of final decision of the Commissioner. Congress and the Commissioner have established an "unusually protective" process to facilitate the orderly and sympathetic administration of disputed claims, *Heckler v. Day*, 467 U.S. 104, 106 (1984), which culminates in a final decision of the Commissioner subject to judicial review. 20 C.F.R. §§ 416.1402-1455.

First, a claimant is entitled to an initial determination of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 416.1400. Second, if dissatisfied, the claimant may request reconsideration of that determination. 20 C.F.R. § 416.1409. Third, if still dissatisfied, the claimant is entitled to a de novo review before an ALJ. 42 U.S.C. § 405(b); 20 C.F.R. §§ 416.1414-416.1422. Fourth, the claimant may take an appeal to the Appeals Council within sixty days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 416.1467-416.1468. The claimant may then seek judicial review in federal district court by filing a civil action within sixty days after the mailing to him of notice of an unfavorable decision of the Appeals Council. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. "[F]or purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision." *Willis v. Sec'y*, 931 F.2d 390, 397 (6th Cir. 1991).

In this case, Plaintiff did not seek judicial review of the Commissioner's final decision within the sixty day allotted time frame. Furthermore, the fact that the complaint was filed by the Court on November 21, 2011, outside of the sixty day time frame, but was dated October 24, 2011, within the sixty day period, is meaningless. Rule 3 of the Federal Rules of Civil Procedure specifies that a civil action "is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see Truitt v. Cnty. of Wayne*, 148 F.3d 644, 647 (6th Cir.

1998) ("An individual commences a civil action by filing a complaint with the clerk of the court."). Thus, the date that controls in the present case is the date on which the complaint was filed with the Court. There is no "mailbox rule" for filing a complaint in a social security action brought under 42 U.S.C. § 405(g). *Clark v. Comm'r*, No. 11-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012).

Here, since the request for review was not filed within the time limit "the right provided by the statute cease[s] to exist, and the present action [should be] properly dismissed." *Bomer v. Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962); *see also Biron v. Harris*, 668 F.2d 259 (6th Cir. 1982).

While the sixty day statute of limitations can be tolled by a federal court "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (citation and internal quotation marks omitted), Plaintiff has not identified any extraordinary circumstances in this case that warrant an extension.

Although the Appeals Council will, upon a showing of good cause, extend the time for filing an action in federal court, there is no record that Plaintiff ever made such a request. 20 C.F.R. §§ 416.1411, 416.1482. Since Plaintiff's action is time barred, dismissal is appropriate. Accordingly, Defendant's motion to dismiss should be granted and the instant complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 25, 2013            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Cheryl Theriot and Counsel of Record on this date.

Dated: January 25, 2013                     s/ Lisa C. Bartlett
                                            Case Manager